UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA, ex rel.** </br> **ROGER CHARLES DAY, JR.**   ) </br> ) </br> *Relator*   ) </br> ) </br> -v-   ) </br> ) </br> **BOEING, et al.**   ) </br> *Defendants*   ) | Case No. 3:23-cv-371 |

**RELATOR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM ORDER OF DISMISSAL PURSUANT TO FED. R. CIV. P. 60(b).**

NOW COMES, the Relator, Mr. ROGER C. DAY, JR., by and through counsel, and submits this Memorandum of Law in support of his Motion for Relief from the Order of Dismissal entered on November 30, 2023. In furtherance of his Motion, Mr. Day states the following:

**Factual & Procedural Background**

The Relator, Mr. Roger C. Day, Jr., filed a Complaint pursuant to 31 U.S.C. § § 3729, 3730 On June 27, 2023, the Office of the United States Attorney for the Eastern District of Virginia was served with a copy of the Complaint. On September 6, 2023, a copy of the Complaint was served on the Office of the Attorney General for the United States. On November 1, 2023, the Office of the United States Attorney for the Eastern District filed a notice that the United States was exercising its right to intervene in the case pursuant to 31 U.S.C. § 3730. Additionally, it submitted a motion for this case to be unsealed and submitted a motion to voluntarily dismiss the suit pursuant to 31 U.S.C. § 3730(c)(2). On November 1, 2023, the undersigned counsel for the Relator was told via electronic mail by counsel for the United States that such Notice and Motion to Dismiss were filed with the Court but a copy of these filings were not provided until November 8, 2023 via

1

electronic mail. On November 20, 2023, this Court entered the Order to unseal the case, though the undersigned did not receive any notice via ECF that this matter was publicly accessible via PACER for ECF filing until November 28, 2023 after receiving an electronic notification that the United States submitted a subsequent Notice and Motion for the case to be dismissed without a hearing. In such motion, the United States stated that the Relator had been served with the Notice of Intervention and Motion to Dismiss on November 1, 2023 and argued that the Relator did not file a response in opposition to the motion within fourteen days, citing Local Rule 7 and the local response deadlines. Such motion was entered without an agreement or mutual arrangement by the Relator for the matter to be decided without a hearing. Additionally, no hearing was scheduled for the motion to be considered by the Court and no opportunity was provided for a hearing on the matter. On November 30, 2023, this Court entered an Order granting the United States' motion to dismiss.

Notably, Mr. Day is incarcerated in federal custody of the United States Bureau of Prisons. When this Complaint was filed, and until September of 2023, Mr. Day was detained in FCI Terre Haute in Terre Haute, Indiana. He was transferred from that facility to a facility in Oklahoma, where he remained for several weeks, then to Atlanta for several days, and finally relocated to FCI Butner Medium I in Butner, North Carolina on October 28, 2023.

During Mr. Day's transit from Indiana to his ultimate destination in North Carolina, the undersigned had very limited communication with Mr. Day and no contact with him while Day was in Atlanta. Day's counsel did not have contact information for any counselor to assist with coordinating scheduled legal calls and this lasted until early-to-mid-November. Additionally, Mr. Day did not have access to any of his legal materials and property that were in his previous possession in Terre Haute, Indiana until November 21, 2023. The undersigned did not have contact

with Mr. Day upon his arrival in Butner, North Carolina until after the United States already filed its notice of intervention and motion to dismiss. The undersigned was not in a reasonable position to readily communicate with his client concerning the merits of the United States' motion to dismiss or Mr. Day's desires as they related to objecting to such motion or other matters concerning the course litigation such as scheduling a hearing or amending the original Complaint.

## Argument

Pursuant to Rule 60(b), the Court may relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). For the following reasons, relief should be granted.

**I.     The United States Has Not Complied With The Requirements of 31 U.S.C. § 3730(c)(2)(A).**

**A. Pursuant To 31 U.S.C. § 3730(c)(2)(A), Relator's Are Guaranteed An Opportunity for A Hearing To Object To The United States' Motion to Dismiss And Dismissal May Not Be Granted Until Such Opportunity Is Provided.**

Title 31 U.S.C. § 3730(c)(2)(A) states that "The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." *Id*. A voluntary dismissal in a civil action typically does not require a "motion" per Rule 41(a), but instead merely requires a "notice" to which a response in opposition would not typically be required. Nevertheless, the Code refers to a "motion" rather than "notice" in a *qui tam* action and states that a Relator may object. Additionally, it requires that the Relator receive an opportunity for a hearing on the matter prior to dismissal. This is an affirmative requirement but no such hearing or opportunity for a hearing was provided in this case. Therefore, the Order of dismissal should be vacated and a decision on the merits should be taken

under advisement until Mr. Day has been afforded a hearing and briefing schedule to present his written objections. Additionally, relief from the Order should be granted because there is a presumption pursuant to Fed. R. Civ. P. 41(a) that a voluntary dismissal is without prejudice generally unless explicitly requested by those parties effected. *Cf. Youssef v. Tishman Constr. Corp.*, 744 F.3d 821 (2d Cir. 2014).

### B. There Is No Showing That The Attorney General For The United States Has Acquiesced To Dismissal.

Nowhere in the United States notice of dismissal is there reference to the Attorney General having joined or acquiesced to dismissal. "Before any dismissal of a False Claims Act case, the written consent of the Attorney General, with a reason stated, must be obtained, and also the consent of the court, with a reason stated. 31 U.S.C. § 3730(b)." United States ex rel. Law v. Spurlock, 582 F. Supp. 2d 1350, 1355 (N.D. Ala. 2008). "The court will travel on the shaky assumption that a written consent by the United States Attorney for the district in which a *qui tam* action is pending, qualifies as the required consent of the "Attorney General." *Id.* The *qui tam* statute does not call for the consent of the "United States" but for the consent of the "Attorney General", who is an important official of the United States with specific responsibility. *Id.* The words "Attorney General" nowhere appear in the notices of consent filed by the United States Attorney on behalf of the United States, and there is no showing that the Attorney General has ever delegated to the United States Attorney the authority to enter his consent to the dismissal of a *qui tam* action. *Id.* There is no reference to the Attorney General in the United States notice or motion of dismissal. As a result, the Order should be vacated and a decision taken under advisement until such notice is provided in addition to an opportunity for a hearing.

4

### C. The United States Did Not Allege That Mr. Day Joined Its Motion to Dismiss And Did Not Schedule a Hearing or Arrange For The Motion to Be Decided Without A Hearing Pursuant to Local Rule 7.

The United States cited Local Rule 7 when arguing that this case should be dismissed without a hearing because, as it suggests, Mr. Day was required to file a response in opposition to its motion to dismiss. The United States claims that November 15, 2023 was the date by which it needed to be filed, though counsel for Mr. Day did not receive any copy of the filings until November 8, 2023. Even if, *arguendo*, Local Rule 7 governed the filing an objection to notice of voluntary dismissal, the same rule also required the United States to either schedule a hearing on its motion or arrange with counsel for the matter to be decided without a hearing.

No hearing was scheduled and there was no arrangement with counsel for a decision without a hearing. As a result, the United States did not satisfy the requirements of Local Rule 7 and dismissal in this case was premature. Had counsel for Mr. Day been asked about whether a hearing was necessary, the United States would have been apprised of the fact that counsel had limited contact with Mr. Day and an extension was to be filed in addition to a motion to amend the complaint pursuant to Rule 15(a)(1)(A). Nevertheless, the United States moved for the Court to decide the case without a hearing on November 28, 2023 and Mr. Day was not able to file for an extension or seek alternative relief from a motion to dismiss prior to this Court's Order entered on November 30, 2023. Local Rule 7 was not satisfied as to scheduling and relief from the dismissal is warranted.

### D. Mr. Day's Failure To File A Response in Opposition to The United States' Motion to Dismiss Was Due, In-Part, To "Inadvertence, Surprise, or Excusable Neglect" As It Related To The Frustration and General Inability for Him To Communicate With Counsel And Access His Records.

Though this case was ordered to be unsealed on November 20, 2023, counsel for Mr. Day was not made aware of such until November 28, 2023 after receiving the ECF notification that

alerted him to the United States' request for its motion to dismiss to be entered without a hearing. As a result, there was no opportunity for counsel to transmit copies of the previously-sealed documents to Mr. Day or his newly-assigned counselor in Butner, North Carolina so that Mr. Day could review them. Due to Mr. Day's transfers from Indiana, Oklahoma, Georgia, and then to North Carolina, Mr. Day was not in a position to communicate effectively or in a timely manner with counsel and he was not able to review his previously-possessed legal documents or engage in material discussions concerning objections or other litigation strategies. As a result, his failure to file a response in opposition was inadvertent, it was caused by transfers which were a surprise, and the inability for counsel to speak with his client effectively serves as a justifiable basis for "excusable neglect."

### E. Relief From The Order for Dismissal and An Opportunity To Submit Written Objections and Present Such Objections in a Hearing Will Not Prejudice The United States or Any Other Parties.

The Defendants have not been served with a copy of the Complaint in this case and cannot be said to suffer any form of prejudice from the Relator's hearing to object to the Government's motion to dismiss. Additionally, there is no prejudice to the United States, as Mr. Day's claims concern violations of the laws of the United States and a hearing will aid the pursuit of our nation's interests. This Court will be able to hear testimony and receive argument as to why the dismissal by the United States would be improper and should be denied.

Respectfully submitted,

_____/s_____
Elliott Harding, Esq. (VSB No. 90442)
*Counsel for Mr. Roger C. Day, Jr., Relator*
Harding Counsel, PLLC
1260 Clifden Greene,
Charlottesville, VA 22901
P: 434-962-8465
E: Elliott@HardingCounsel.com

**CERTIFICATE OF SERVICE**

I hereby certify, this 7th day of December, 2023, that I did cause to a copy of this Memorandum In Support of Relator's Motion for Relief from the Order to Dismiss was filed the Court via ECF which will send an electronic notice of filing to the following opposing counsel:

Mr. Robert McIntosh, Esq.
Assistant United States Attorney
United States Attorney's Office
Office of the United States Attorney for the Eastern District of Virginia
919 E Main St #1900,
Richmond, VA 23219

            _____/s_____
            Elliott Harding, Esq. (VSB No. 90442)
            *Counsel for Mr. Roger C. Day, Jr., Relator*
            Harding Counsel, PLLC
            1260 Clifden Greene,
            Charlottesville, VA 22901
            P: 434-962-8465
            E: Elliott@HardingCounsel.com