IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ROGER CHARLES DAY, JR. <br><br> Plaintiff, <br><br> v. <br><br> BOEING, *et al.,* <br><br> Defendants. | Civil No. 3:23-cv-371-REP |

UNITED STATES' RESONSE TO RELATOR'S
MOTION FOR RELIEF FROM ORDER OF DISMISSAL

Pursuant to Local Civil Rule 7(F)(1), the United States of America responds to Relator's "Motion for Relief from Order of Dismissal Pursuant to Fed. R. Civ. P. 60(b)" (Dkt No. 16) ("Motion").

INTRODUCTION

On November 1, 2023, the United States filed and served its Notice of Intervention, Motion to Dismiss and Memorandum in Support. (Dkt Nos. 9, 10 and 11, respectively). By separate E-mail to counsel for Relator, the United States notified Relator's counsel of the filing and explaining that "Service copies to you will be placed in the U.S. mail today."[1] The Relator's counsel acknowledged receipt of the E-mail notice and requested that filed date-stamped copies be emailed to him. *See* Exhibit 1, p.1. This was done on November 8 at United

---

[1] *See* Exhibit 1, p. 2 ("Please be advised that the United States *is intervening* in the referenced case for purposes of requesting that the complaint be dismissed. We also *are filing* a motion to dismiss. Service copies to you *will be placed* in the U.S. mail today") (emphasis added).

—2—

States' counsel's first opportunity.[2] Relator's counsel acknowledges that he received the file stamped copies on November 8, 2023. *See* "Relator's Memorandum of Law in Support of Motion for Relief from Order of Dismissal Pursuant to Fed. R. Civ. P. 60(b)," (Relator's Mem.), pp. 1-2 (" . . . but a copy of these filings were [*sic*] not provided until November 8, 2023 via electronic mail.").[3]

The time for responding begins with service of the pleading, but if counsel did not receive the pleadings until November 8, a response to the United States' Motion to Dismiss still would have been due no later than November 22, 2023. Six days after November 22 still with no response, the United States filed its "Notice to Submit for Decision Without a Hearing" on November 28, 2023.

Relator acknowledges that he received the government's Email notice. *See* Relator's Mem., p. 2 (acknowledging receipt on "November 28, 2023, after receiving an electronic notification that the United States submitted a subsequent Notice . . . for the case to be dismissed without a hearing"); Exhibit 2, p. 2 (E-mail from Relator's counsel dated Tuesday, November 28, 2023, 11:31 AM, acknowledging, "I got the ecf notice of your motion [*sic*] to dismiss without a hearing."). Notably, in response to Relator's November 28 E-mail acknowledging the notice to

---

[2] November 8 was the earliest opportunity counsel had to provide the copies because of official travel and being out of the office.

[3] Relator implies that he did not receive the service copies mailed on November 1. *But see* Exhibit 1, p. 2 ("Service copies to you will be placed in the U.S. mail today"); "Motion to Dismiss the Complaint," p. 2 (Certificate of Service) (certifying that the Motion to Dismiss and proposed Order "were served by depositing true and correct copies thereof in the United States mail, first-class postage prepaid," addressed to Relator's counsel at 1260 Clifden Greene, Charlottesville, Virginia 22901).

—3—

submit for decision and alleging "that [Relator] didn't get the [Motion to Dismiss] until 11/8/23 when it was sent via email," the United States invited Relator to request a hearing. *See* Exhibit 2, p.1 ("[I]f you want a hearing, please feel free to contact chambers and request one."). Relator did not do so.

Whether Relator received the service copies is irrelevant because he acknowledges having received the copies no later than November 8, but still failed to file a response to the Motion within 14 days of November 8.

On November 30, 2023, the Court entered an Order dismissing the Complaint. Dkt No. 14.

At no time between November 1 and November 30, 2023, did Relator's counsel take any action to: (1) respond to the Motion to Dismiss; (2) request an extension of time in which to file a response; or (3) request a hearing.

On December 7, Relator filed a Motion seeking relief from the Order dismissing the Complaint pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final . . . order . . . for [six enumerated] reasons." Rule 60(b), Fed. R. Civ. P. Relator relies on reasons (1) and (6): "mistake, inadvertence, surprise, or excusable neglect," and "any other reason that justifies relief." *Id.*

Relief under Rule 60(b) is "an extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States,* 340 U.S. 193, 202 (1950)). Additionally, "[i]t is a well

settled principle of law that a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993) (citing *Ackermann,* 340 U.S. at 198). As a *threshold matter*, "before a party may seek relief under Rule 60(b), [he] first must show 'timeliness, a *meritorious defense*, a lack of unfair prejudice to the opposing party, *and exceptional circumstances*." *Id.,* (quoting *Werner v. Carbo,* 731 F.2d 204, 207 (4th Cir.1984) (emphasis added); *see also Dancingbuck v. Haney,* No. 3:17CV660, 2018 WL 4473587, at *2 (E.D. Va. Sept. 18, 2018) (Payne, J.) ("relief under Rule 60(b) is an 'extraordinary' remedy 'and is only to be invoked upon a showing of exceptional circumstances'") (quoting *Compton v. Alton S.S. Co.,* 608 F.2d 96, 102 (4th Cir. 1979)). Once the party "has crossed th[e] initial threshold, [in this case, showing "a meritorious defense" and "exceptional circumstances"], he then must satisfy one of the six specific sections of Rule 60(b)"—in this case, "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief." *Id*.

    The Relator's motion fails on all counts and should be denied.

## ARGUMENT

I.    RELATOR CANNOT SHOW "EXCEPTIONAL CIRCUMSTANCES."

    Relator ignores the threshold requirement that he show "exceptional circumstances." The circumstances here are anything but "exceptional." They are a straightforward example of failure to timely comply with local rules and failure to respond after receiving notice.

    Examples of "exceptional circumstances" include incidents such as "the court overlook[ing] the dispositive issue in a case" and then "proceed[ing] to decide [the] case

summarily," circumstances involving "mistake . . . that works an injustice,"[4] or unconscionable circumstances that do "not merely warrant but actually . . . demand" that the Order be vacated where "unquestionably there was no basis whatsoever either in fact or in law for such a[n order]" and "the district judge completely misconstrued the statute in question." *See Compton,* 608 F.2d at 107. This case does not involve "exceptional circumstances," merely carelessness or inattentiveness of counsel. Consequently, Relator's Motion should be denied for failure to show "exceptional circumstances."

    II.      RELATOR HAS NO "MERITORIOUS DEFENSE."

"Under all the provisions of Rule 60(b), a threshold condition for granting the relief is that *the movant demonstrate that granting that relief will not in the end have been a futile gesture, by showing that [he] has a meritorious defense or claim.*" *Boyd v. Bulala,* 905 F.2d 764, 769 (4th Cir. 1990) (citing 11 Wright & Miller, Federal Practice and Procedure: Civil § 2857, p. 161 (1973)) (emphasis added); *see Marathon Resource Mgmt. Grp., LLC. v. C. Cornell, Inc.,* No. 3:19CV89, 2020 WL 6370987, at *4 (E.D. Va. Oct. 29, 2020) (Lauck, J.) (same); *Clear Sky Car Wash, LLC v. City of Chesapeake Va.,* No. 2:12cvl94, 2013 WL 1560358, at *6 (E.D. Va. Apr. 12, 2013) (Davis, J.) (same). A meritorious defense "requires a proffer of evidence which would permit a finding for the defaulting party. . . ." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.,* 843 F.2d 808, 812 (4th Cir. 1988). In other words, the moving party should be required to show that "*there is some possibility that the outcome*" upon reconsideration "*will be contrary to the result [originally] achieved.*" *Id*. (quoting 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2697, p. 531 (2d ed. 1983)) (emphasis added).

---

[4] *White v. Investors Mgmt. Corp.,* 888 F.2d 1036, 1041 (4th Cir. 1989).

To establish a meritorious defense, "there must be a presentation or proffer of evidence" explaining the reasons for failing to respond and the legal and factual defenses to the Motion, "which, if believed, would permit the court to find for [him]." *See Armor v. Michelin Tire Corp.*, 113 F.3d 1231 (4th Cir. 1997) (unpub. op.). Relator did not (because he cannot) proffer any such evidence.

However, the information that Relator's counsel *did provide* establishes that counsel knew about the filing of the Government's intervention and motion to dismiss on the date that it was filed; that he had in his possession date-stamped copies of the filed document no later than November 8; that he did not request any extension of time to respond to the Motion; that he filed no response to the motion; that he knew on November 28 that the Government had submitted the motion for a decision without a hearing; that he was invited on November 28 to contact chambers if he wanted a hearing; and that he took no action whatsoever to file a response or to request a hearing. Moreover, and importantly, Relator has presented no evidence of any potential defenses against dismissal of the complaint. Relator's Motion is devoted entirely to arguments as to why the court erred in not setting a hearing before ruling on the motion, The arguments have no merit.

1. <u>Relator was provided with an opportunity for a hearing</u>.

Relator's motion is bereft of any legal or factual defenses to the Government's Motion. He does not even intimate what his objections are. Rather, the Relator asks the Court to schedule a date for him to file a brief in which unspecified objections may be raised. *See* Relator's Mem., at pp. 3-4 (requesting that the Order of dismissal "be vacated" and the Government's Motion to Dismiss "be taken under advisement *until* Mr. Day has been afforded . . . *a briefing schedule* to

present his written objections," and also "afforded *a hearing*") (emphasis added). In point of fact, the Relator already has had "a schedule to present his written objections" (established by Local Civil Rule 7(F)) and had an opportunity to request a hearing. *See* Exhibit 2, p.1 ("[I]f you want a hearing, please feel free to contact chambers and request one."). While Relator's allegation is not an "objection" to the Motion to Dismiss, but only an "objection" to the procedure by which the Order of dismissal was entered, it is apparent that the Relator's objection to the procedure also is not "meritorious."

First, the Court *did* provide the Relator with an opportunity for a hearing on the motion, 31 U.S.C. § 3730(c)(2)(A), by affording him the opportunity to file a written response to the Motion within 14 days after filing and service pursuant to Local Civil Rule 7(F). The right to file a written objection is, itself, an "opportunity for a hearing." The Fourth Circuit Court of Appeals already has held that the term "hearing" under a related provision of the FCA, Section 3730(e)(4)(A), encompasses not only in-person, formal proceedings before a court, but also written filings in the context of a civil proceeding. *See United States ex rel. Siller v. Becton Dickinson & Co. By & Through Microbiology Sys. Div.,* 21 F.3d 1339, 1350 (4th Cir. 1994) (rejecting relator's contention that Section 3730(e)(4) applied solely to disclosures in "live hearings"). No basis exists for construing that same term differently in Section 3730(c)(2)(A). *See Powerex Cop. v. Reliant Energy Seros., Inc.,* 551 U.S. 224, 232 (2007) (noting that "identical words and phrases within the same statute should normally be given the same meaning"). Therefore, the Relator was afforded an adequate "opportunity for a hearing," 31 U.S.C. § 3730(c)(2)(A), when pursuant to Local Civil Rule 7(F), he had an opportunity to file a brief in opposition to the government's motion in writing before the motion was granted.

In addition, "[e]very circuit to consider the issue has determined that the 'hearing' requirements of [Federal] Rule [of Civil Procedure] 12 and Rule 56 do not mean that an oral hearing is necessary, but only require that a party be given the opportunity to present its views to the court." *Greene v. WCI Holdings Corp.,* 136 F.3d 313, 315-16 (per curiam) (2nd Cir. 1998) (citing cases); *see, e.g., Cray Commc'ns, Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 396 (4th Cir. 1994) (oral hearing on summary judgment at discretion of trial court); *Chrysler Credit Corp. v. Cathey,* 977 F.2d 447, 449 (per curiam) (8th Cir. 1992); *Arrieta–Gimenez v. Arrieta–Negron,* 859 F.2d 1033, 1042 (1st Cir. 1988); *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir. 1988). In summary, the Court, by local rule, provided the Relator "with an opportunity for a hearing" by providing the right to submit a written response to the Motion. Additionally, counsel for the Relator was invited to request a hearing if he wanted one. *See* Exhibit 2, p.1 ("[I]f you want a hearing, please feel free to contact chambers and request one.")

2. The Attorney General has delegated authority to the United States Attorney to consent to dismissal.

Relator objects to the entry of the Order of dismissal because allegedly the Attorney General did not "consent" to dismissal. Relator cites *United States ex rel. Law v. Spurlock*, 582 F. Supp. 2d 1350, 1355 (N.D. Ala. 2008)—a case where the *relator* requested dismissal of the case—for the proposition that the Attorney General must give his consent or, at least, "there [must be a] showing that the Attorney General has . . . delegated to the United States Attorney the authority to enter his consent to the dismissal of [the] *qui tam* action." *Id.*

As a preliminary matter, as one court has explained in granting a dismissal under Section 3730(c)(2)(A) over a relator's objection, the "written consent" provision of Section 3730(b)(1) does not provide any "substantive constraint on the government." *Borzilleri v. Bayer Healthcare*

—9—

*Pharms., Inc.,* 24 F.4th 32, 44 fn. 9 (1st Cir. 2022). "Given the existence of § 3730(c)(2)(A) in the statutory scheme, it is clear that (b)(1) only applies where <u>the relator</u> moves to dismiss a suit he has brought in the government's name." *Id.* (emphasis in original) (citing *Minotti v. Lensink*, 895 F.2d 100, 104 (2nd Cir. 1990) (per curiam) ("[T]he consent provision ensures that legitimate claims against an alleged wrongdoer are not dismissed before the United States has been notified of the claims or has had an opportunity to proceed with the action.")).  In any event, pursuant to Department of Justice regulations, the United States Attorney for the Eastern District of Virginia has delegated authority over this action.  *See* 28 C.F.R. § 0.45(d) (delegating authority from Attorney General to Assistant Attorney General for the Civil Division Division); 28 C.F.R. Appendix to Subpart Y of Part 0 (authorizing the re-delegation of authority from Assistant Attorney General to United States Attorneys).

3. <u>The United States complied with Local Civil Rule 7, the requirements of which the Court may waive in any event</u>.

Finally, the Relator renews his objection to the entry of the Order of dismissal because Local Rule 7 allegedly "required the United States to either schedule a hearing on its motion or arrange with counsel for the matter to be decided without a hearing." Relator's Mem., p. 5. As previously explained, the Court provided the Relator with an opportunity for a hearing by local rule requiring a written response, if any. Additionally, Relator's counsel was invited to "please feel free to contact chambers and request" a hearing "if you want [one]." He failed to avail himself of either opportunity.

In any event, "the application of the Local Rules for the Eastern District of Virginia lies firmly within the discretion of th[e] Court." *Marathon Resource Management Group, LLC. v. C. Cornell, Inc.,* Civil Action No. 3:19cv89, 2020 WL 6370987, *4 (E.D. Va., Richmond Div.).

—10—

"[E]ven if [the Government] failed to comply with Local Rule 7(E) [which it did not], [the Relator] cannot show a meritorious claim because, as the Chief Judge for the Eastern District of Virginia has explicitly ruled, '[t]he Court has the discretion to forgive violations of the Local Rules.'" *Id.,* at *5 (quoting *Certus View Techs., LLC v. S & N Locating Servs., LLC,* No. 2:13CV346, 2015 WL 4717256, at *4 (E.D. Va. Aug. 7, 2015) (Davis, J.)) and (citing *Michael v. Sentara Health Sys.,* 939 F. Supp. 1220, 1225 n.3 (E.D. Va. 1996) ("the application of the local rules is within the discretion of the Court")).

III. RELATOR FAILS TO SHOW ANY MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT THAT WOULD JUSTIFY RELIEF PURSUANT TO RULE 60(b).

Relator's failure to object to dismissal or to request a hearing, as required by Local Civil Rule 7(E) and (F), does not qualify as a "mistake, inadvertence, surprise or excusable neglect." The Fourth Circuit has held that "a lawyer's ignorance or carelessness do[es] not present cognizable grounds for relief under [Rule] 60(b)." *Evans v. United Life & Accident Ins. Co.,* 871 F.2d 466, 472 (4th Cir.1989) (citing *Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 576 (4th Cir. 1973)); *see also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (finding attorney's "carelessness" and "inattentiveness" to be "not excusable under Rule 60(b)"); *Archway IP L. PLLC v. D3Holdings,* LLC, No. 1:19-CV-404, 2020 WL 2738238, at *1 (E.D. Va. Feb. 11, 2020) (applying same standard to *pro se* litigant); *United States v. Sethi,* No. 3:17CV281, 2018 WL 2426270, at *1 (E.D. Va. Mar. 13, 2018) (Payne, J.) ("It is difficult to ascertain why Rule 60(b) might provide relief in this case. If the defendants are proceeding under Rule 60(b)(1), excusable neglect, the argument would fail because, *quite clearly, the ignorance or carelessness of counsel is not a cognizable ground for relief under Rule 60(b)*") (citing *Evans*)

—11—

(emphasis added).

Relator's contention that his "failure to file a response in opposition was *inadvertent*," that this failure "was caused by transfers which were a *surprise*," and that the transfers created an "inability [of] counsel to speak with his client[, which] effectively serves as a justifiable basis for '*excusable neglect,*'" see Relator's Mem., p 6 (emphasis added), simply does not constitute a "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b).

CONCLUSION

For the foregoing reasons, Relator's Motion should be denied.

Dated: December 20, 2023.

                                      JESSICA D. ABER
                                      United States Attorney

BY:   /s/
        ROBERT P. MCINTOSH
        VSB No. 66113
        United States Attorney's Office
        919 East Main Street, Suite 1900
        Richmond, Virginia 23219
        Telephone: (804) 819-7404
        Facsimile: (804) 771-2316
        Email: Robert.McIntosh@usdoj.gov
        *Attorneys for the United States*

CERTIFICATE OF SERVICE

       I hereby certify that on the   20th   day of December, 2023, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

    Elliott M. Harding, Esquire
    Harding Counsel, PLLC
    1260 Clifden Greene
    Charlottesville, Virginia 22901
    Email: elliott@hardingcounsel.com

And I hereby certify that I will mail the document by United States mail, first-class postage prepaid, to the non-filing user addressed as follows:

                                            /s/
                                      Robert P. McIntosh
                                      Virginia Bar Number 66113
                                      Attorney for the United States of America
                                      United States Attorney's Office
                                      919 East Main Street, Suite 1900
                                      Richmond, Virginia 23219
                                      Telephone: (804) 819-7404
                                      Facsimile: (804) 771-2316
                                      Email: Robert.McIntosh@usdoj.gov