IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA, *ex rel.* )
ROGER CHARLES DAY, JR., )
) Civil No. 3:23-cv-371-REP
Plaintiff, )
)
v. )
)
BOEING, *et al.,* )
)
Defendants. )

UNITED STATES' SUPPLEMENT TO SUPPLEMENTAL MEMORANDUM

The United States of America, pursuant to the Court's Order (Dkt No. 50) granting its Motion for Leave to File Supplemental Authority, hereby files this Supplement to "United States' Supplemental Memorandum in Support of its Motion to Dismiss Relator's Complaint" (Dkt 40).

The supplemental authority is the August 29, 2024 decision by the United States Court of Appeals for the Fourth Circuit in *United States ex rel. John Doe v. Credit Suisse AG*, No. 22-1054, ___ F.4th ___, 2024 WL 3974986 (4th Cir. Aug. 29, 2024) (copy attached).

The United States relies on *Credit Suisse* in support of its arguments that:

(1) *Polanksy* does not require any detailed discussion of the reasons in the context of a dismissal governed by Fed. R. Civ. P. 41(a)(1), such as in the current case, and that Rule 41(a)(2) is not applicable in this case. *Credit Suisse*, p. 8 ("[H]ere the dismissal happened at the pre-answer, pre-summary judgment stage, during which Rule 41(a)(1) applies, meaning no court order was required . . . [and] a district court 'has no adjudicatory role' in deciding a Rule 41(a)(1)."); *See also Credit Suisse,* pp. 10, 11 ("no court order is required").

(2) The United States is entitled to dismiss Relator's Complaint under *Polansky* and the applicable legal standard of Federal Rule of Civil Procedure 41(a)(1). *Credit Suisse*, pp. 9-10 ("In a footnote in *Polansky*, the Supreme Court said that when the government seeks

dismissal before an answer is filed, 'Rule 41 *entitles* the movant to a dismissal; the *district court has no adjudicatory role'* . . . *Because [Relator] has not raised any colorable claim that his due process or equal protection rights have been violated, the district court's dismissal was proper*. . . . *Polansky* . . . said the government merely needs to provide reasons for its assessment that the suit would not 'vindicate' its interests, and '[a]bsent some extraordinary circumstance, that sort of showing is all that is needed for the Government to prevail.' . . . *Keep in mind that Polansky dealt with Rule 41(a)(2)*, which is a dismissal that happens post-answer and requires a court order. . . . [H]ere, *in considering a Rule 41(a)(1) motion to dismiss*, the government *is entitled to even greater deference since no court order is required.*") (emphasis added).

CONCLUSION

For the foregoing reasons set forth in its Supplemental Memorandum (Dkt 40) and the authority of *Credit Suisse*, *supra*, the United States' Motion to Dismiss should be granted.

DATED: September 5, 2024.

Respectfully submitted,

JESSICA D. ABER
United States Attorney

By: /s/

ROBERT P. MCINTOSH
VSB No. 66113
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 771-2316
Email: Robert.McIntosh@usdoj.gov
*Attorneys for the United States*

CERTIFICATE OF SERVICE

I hereby certify that on the __5th__ day of September 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Elliott M. Harding, Esquire
Harding Counsel, PLLC
1260 Clifden Greene
Charlottesville, Virginia 22901
Email: elliott@hardingcounsel.com

And I hereby certify that I will mail the document by United States mail, first-class postage prepaid, to the non-filing user addressed as follows:

/s/________________________________

Robert P. McIntosh
Virginia Bar Number 66113
Attorney for the United States of America
United States Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 771-2316
Email: Robert.McIntosh@usdoj.gov