IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA
EX REL. ROGER CHARLES DAY, JR.,

                Plaintiffs,

v.                               Civil Action No. 3:23-cv-371

BOEING ET AL.,

                Defendants.

**MEMORANDUM OPINION**

Before the Court is the RELATOR'S MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e), ECF No. 59 ("the MOTION"), the MEMORANDUM OF LAW IN SUPPORT OF RELATOR'S MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e), ECF No. 60, the UNITED STATES' RESPONSE TO "RELATOR'S MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e)," ECF No. 61, and the RELATOR'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO RELATOR'S MOTION TO AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e), ECF No. 62. For the reasons set forth below, the MOTION, ECF No. 59, will be denied.

**I. BACKGROUND[1]**

Roger Charles Day, Jr. ("Day" or "Relator") brought this quitam action against five corporations that are defense contractors

---

[1] A full statement of the facts appears in a previous MEMORANDUM OPINION, ECF No. 58. The facts included here are only those necessary to dispose of the MOTION.

for the United States[2] pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "FCA"), which allows individuals known as "relators" to bring suits on behalf of the United States against entities that have allegedly defrauded the United States government. The sealed COMPLAINT was filed on June 7, 2023. ECF No. 1. Shortly thereafter, the United States intervened as a plaintiff and filed its sealed MOTION TO DISMISS, ECF No. 9 ("the DISMISSAL MOTION"), seeking to voluntarily dismiss the COMPLAINT under the procedures set forth in the FCA, 31 U.S.C. § 3730(b)(2), (4), (c)(2)(A), and the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(a). Day opposed the DISMISSAL MOTION and, instead, filed his MOTION TO REMOVE THE UNITED STATES OF AMERICA AS A PARTY, ECF No. 37 ("the REMOVAL MOTION"), which sought to remove the United States as a party as well as to remove the United States Department of Justice (the "DOJ") and the United States Attorney General as counsel for the United States because of a purported conflict of interest between the United States (and its counsel) with the Defendants.

On March 31, 2025, the Court entered an ORDER, which denied the REMOVAL MOTION, ECF No. 37, and granted the DISMISSAL MOTION, ECF No. 9. ECF No. 57. On April 2, 2025, the Court entered a

---

[2] Those corporations are The Boeing Co., Lockheed Martin Corp., Raytheon Technologies Corp., General Dynamics Corp., and Northrop Gruman Corp. (collectively, "the Defendants").

MEMORANDUM OPINION, ECF No. 58, explaining the reasoning for those decisions. United States ex rel. Day v. Boeing, 777 F. Supp. 3d 553 (E.D. Va. 2025) (ECF No. 58). In the portion relevant to the disposition of today's MOTION, the MEMORANDUM OPINION explained that the REMOVAL MOTION would be denied to the extent that it sought the removal of the DOJ and Attorney General from the litigation because the statutory text provides that those entities are "integral players in a qui tam [FCA] action once the United States has intervened, which precludes the possibility of their removal." Id. at 581-82. The MEMORANDUM OPINION continued:

> [T]he Attorney General must consent to a voluntary dismissal brought by any qui tam plaintiff before the Court may dismiss the action.

Id. at 582 (emphasis added). It then posited a hypothetical (which it rejected as a true possibility) wherein the Court had the "authority to remove the DOJ as legal counsel to the United States" and provide outside counsel to the United States for its representation in the qui tam suit. Id. In that scenario, the MEMORANDUM OPINION reasoned that, based on the language of the statute, even if such new counsel sought to voluntarily dismiss the qui tam complaint, the Court could not grant such a dismissal without the prior approval of the Attorney General. Id. The MEMORANDUM OPINION went on to say that: "There is simply no escaping the Attorney General's necessary role in a qui tam action at this stage of the litigation, conflict [of interest] or no."

Id. (footnote omitted).

     While the statute:

          does not require the Attorney General, or by extension,
          the DOJ, to represent the Untied States as intervenor in
          an FCA qui tam action, . . . it does provide the Attorney
          General, and hence the DOJ, with a powerful role in all
          qui tam litigation—whether the United States intervenes
          or not. That alone tells that, when the United States
          does choose to intervene, Congress prefers that the DOJ
          should act as legal counsel to the United States.

Id. at 583 (emphasis in original).

     Following that explanation of the Attorney General's powerful
role in FCA qui tam actions, the MEMORANDUM OPINION goes on to
examine other relevant statutory provisions such as 28 U.S.C. §
516. The MEMORANDUM OPINION reasoned that, when read in accord
with controlling law, those statutes "entitle[] [the United
States] to the DOJ's representation at the Attorney General's
direction." Id. (citing United States ex rel. Polansky v. Exec.
Health Res., Inc., 599 U.S. 419, 143 S. Ct. 1720, 216 L. Ed. 2d
370 (2023); 28 U.S.C. §§ 516, 519). Consequently, "[s]o long as
[the United States] remains a party, Sections 516 and 519 provide
that the DOJ represents the United States and that the Attorney
General oversee[s] the litigation on its behalf." Id. (citing 28
U.S.C. § 516, 519) (emphasis added); see id. at 583 n.17 (citing
for further support 28 U.S.C. § 517). While the MEMORANDUM OPINION
explained that the Attorney General must "oversee" the litigation,
id. at 583, it did not explicitly hold, or address, whether the

Attorney General must provide consent and reasons to support the
voluntary dismissal of a qui tam complaint.

That analysis led to the conclusion that "these statutes
preclude the possibility of removing the DOJ as legal counsel to
the United States in this action." Id. at 584. From there, the
MEMORANDUM OPINION held that the United States' DISMISSAL MOTION,
which was filed by an Assistant United States Attorney ("AUSA"),
was proper.

Although the MEMORANDUM OPINION did not directly opine on
whether the Attorney General needed to personally provide her
reasoned consent to that DISMISSAL MOTION, the Court reached its
decision to grant the DISMISSAL MOTION even though the Attorney
General herself did not file (and no United States attorney filed
on her behalf) any sort of paper reflecting her consideration,
reasons, and consent to the United States' position that the
COMPLAINT should be voluntarily dismissed. Id. at 600-01. In that
way, the MEMORANDUM OPINION implicitly concluded that no such
personal verification or reasoned position by the Attorney General
was necessary for the DISMISSAL MOTION to be granted.

Today, the MOTION at issue seeks amendment of that ORDER, ECF
No. 57, and MEMORANDUM OPINION, ECF No. 58, pursuant to Fed. R.
Civ. P. 59(e). Specifically, the MOTION takes the view that the
Court erred by not requiring that United States Attorney General

Pamela J. Bondi[3] herself review and approve the United States'
DISMISSAL MOTION, ECF No.9. And, the MOTION contends that not only
must General Bondi consent to that dismissal but that she must
provide "reasons" justifying that dismissal. In so doing, the
MOTION argues that a motion to voluntarily dismiss an FCA qui tam
complaint that is filed by an AUSA, or, for that matter, any other
DOJ (or other) attorney that represents the United States as an
intervenor in the action, is procedurally deficient as a means of
dismissing a relator's complaint. ECF Nos. 60, 62. The MOTION then
states that, because the DISMISSAL MOTION, ECF No. 9, was submitted
by an AUSA rather than General Bondi herself, the ORDER, ECF No.
57, that granted the DISMISSAL MOTION and dismissed the COMPLAINT
was improper. To rectify that purported clear error,[4] the MOTION
requests that the Court amend the ORDER, ECF No. 57, pursuant to
Fed. R. Civ. P. 59(e) and order "that the position of the Attorney
General as to the Government's Motion to Dismiss be provided in no
less than 60 days, or within a period that this Court deems
reasonable and appropriate." ECF No. 60, at 3. Day does not expand

---

[3] When the DISMISSAL MOTION, ECF No. 9, was originally filed,
Merrick P. Garland was the United States Attorney General. However,
upon the issuance of the ORDER and MEMORANDUM OPINION, General
Garland was no longer Attorney General and, instead, General Bondi
had overtaken that position. Boeing, 777 F. Supp. 3d at 579 n.13.

[4] While the MOTION does not use the phrase "clear error," that is
what the Court interprets the MOTION to be stating as is relevant
to its request for relief under Fed. R. Civ. P. 59(e). Infra.

upon what should occur based on whatever position the Attorney General would take in this "position" statement.

The United States disputes the contention that General Bondi must personally review and consent (with reasons) to the DISMISSAL MOTION. The United States provides two reasons why that is so. First, the United States contends that the Attorney General has delegated the power to provide the consent required under the FCA to dismiss qui tam relators' complaints, including the one here, under the statutory authority granted by Congress. ECF No. 61, at 3-5. Second, the United States argues that 31 U.S.C. § 3730(b)(1)'s "written consent" requirement does not limit the United States' ability to voluntarily dismiss the action pursuant to the separate dismissal provision of 31 U.S.C. § 3730(c)(2)(A), which, of course, is the provision under which the United States sought (and received) relief (the dismissal of Day's qui tam COMPLAINT). Id. at 5-6.

## II. STANDARD OF REVIEW

Rule 59(e) permits a party to file a "Motion to Alter or Amend a Judgment," which "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Granting relief under a Rule 59(e) motion is "an extraordinary remedy and should be used sparingly." Cotton v. Francis, No. 3:06-cv-31, 2008 U.S. Dist. LEXIS 25238, at *6 (N.D. W. Va. Mar. 28, 2008) (citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.

7

1998)). Any such motion is "improper where a litigant seeks merely
to re-litigate old matters; to present evidence or raise arguments
which could have been brought to the court's attention before the
judgment was issued; or to assert a novel legal theory that the
litigant could have addressed in the first instance." Id. And,
"[i]t is improper to use a Rule 59(e) motion to 'ask the court to
rethink what the court has already thought through - rightly or
wrongly.'" Id. (quoting Above the Belt, Inc. v. Mel Bohannan
Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

The application of those limiting principles means that
district courts may grant this extraordinary remedy under Rule
59(e) only in "very narrow circumstances." Hill v. Braxton, 277
F.3d 701, 708 (4th Cir. 2002). Those narrow circumstances are:
"(1) to accommodate an intervening change in controlling law; (2)
to account for new evidence not available at trial; or (3) to
correct a clear error of law or prevent manifest injustice."
Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).
Otherwise, a court should deny the motion. Id.

### III. DISCUSSION & ANALYSIS

As an initial matter, it is worth noting that Day's request
that the Attorney General alone—and no one else—must provide her
written consent, with reasons, before an FCA qui tam action can be
voluntarily dismissed under 31 U.S.C. § 3730(b) is a peculiar one.
Indeed, that position is not only strange but is, in fact,

8

contradictory to the position that Day took in the REMOVAL MOTION, which sought the removal of the United States as a party and, not just the DOJ as the United States' legal counsel, but so too the Attorney General herself due to a purported conflict of interest. ECF No. 38, at 6 ("[T]he Attorney General and the Department of Justice must be removed from litigating this matter on behalf of the United States and the United States must be removed as a party.") (emphasis added).[5] The MOTION begs the question: why did Day seek to remove the Attorney General in the first place (even if there was a conflict of interest) if he believed that her involvement is, in his view, absolutely necessary to any portion of this qui tam action, including, for present purposes, the purported requirement that the Attorney General herself consent to, with reasons, the dismissal of the action. Notwithstanding that internal contradiction, the Court will fully address the merits of the MOTION under the standards set forth by the Federal Rules of Civil Procedure.

The MOTION was filed 21 days after the entry of the ORDER, ECF No. 57, and 18 days after the entry of the MEMORANDUM OPINION, ECF No. 58, and, therefore, it was timely filed as a motion seeking

---

[5] As part of the MEMORANDUM OPINION that Day seeks to amend, the Court found that no cognizable conflict of interest existed that would warrant that removal. Boeing, 777 F. Supp. 3d at 681. The MOTION at issue today does not challenge or seek to amend that finding.

relief under Fed. R. Civ. P. 59(e). And, although Day did raise this argument as part of his argument supporting the REMOVAL MOTION and opposing the DISMISSAL MOTION, ECF No. 17, at 4; ECF No. 18, at 8-9, the Court's MEMORANDUM OPINION implicitly rejected the argument, but did not explicitly do so. Consequently, the MOTION does not seek to have the Court "rethink" what it has already decided, but, instead, to state more clearly what was merely implicit in its previous holding. See Above the Belt, Inc., 99 F.R.D. at 101. In so doing, however, the MOTION does not specifically state which of the three bases for relief under Rule 59(e) warrants amendment of that ORDER and MEMORANDUM OPINION. Ultimately, none of those three bases provide support for the relief that Day seeks. Each will be addressed in turn, and the first two can be ruled out without much further analysis at all.

## A. THERE HAS BEEN NO CHANGE OF LAW OR NEWLY DISCOVERED EVIDENCE THAT WARRANTS AMENDMENT.

First, the MOTION does not contend that any "intervening change in controlling law" occurred in the 21 days between the entry of the ORDER, ECF No. 57, and the filing of the MOTION, ECF No. 60, such that the relief sought would be warranted. Hutchinson, 994 F.2d at 1081. And, the MOTION does not rely upon any decisions that occurred within that timeframe. Nor was the Court able to find any new relevant authority published within that timeframe that would constitute an "intervening change in controlling law."

10

Id. Therefore, the MOTION cannot reasonably be said to rely upon that basis for its request for relief.

Second, and similarly, the MOTION does not contend that any "new evidence not available at trial" was discovered that would warrant granting such relief. Id. The Court held a Hearing on the merits of the DISMISSAL MOTION and the REMOVAL MOTION on October 29, 2024. ECF No. 56. Day had approximately five months since that Hearing before the issuance of the ORDER, ECF No. 57, and the MEMORANDUM OPINION, ECF No. 58, to make the Court aware of any new evidence that would support his request for relief. And, Day had an additional approximately three weeks between the entry of the ORDER and MEMORANDUM OPINION and the filing of the MOTION to compile, and provide in the MOTION, any new evidence that would purportedly support a motion under Rule 59(e). Because Day has presented no new evidence to support the relief requested in the MOTION or its supportive brief, ECF No. 60, the MOTION cannot reasonably be said to rely upon that basis for Rule 59(e) relief either.

## B. THERE WAS NO CLEAR ERROR IN, OR MANIFEST INJUSTICE CAUSED BY, THE ORDER AND MEMORANDUM OPINION.

Having rejected the first two possible grounds upon which relief under Rule 59(e) could rest, all that is left as a basis for relief under Rule 59(e) is that an amendment of the ORDER, ECF No. 57, and MEMORANDUM OPINION, ECF No. 58, is necessary to

11

"correct a clear error of law or [to] prevent manifest injustice" to Day (or, since this is a qui tam action, to the United States as well). Hutchinson, 994 F.2d 1081. While Day does not explicitly state that any clear error of law or manifest injustice occurred as a result of the ORDER and MEMORANDUM OPINION, the MOTION can be reasonably read as arguing for the former: that the Court's decision rested on a "clear error of law" such that amendment is warranted under Fed. R. Civ. P. 59(e).[6] However, the MOTION does not demonstrate that a clear error did, in fact, occur.

The crux of the MOTION is that the ORDER, ECF No. 57, granted the United States' DISMISSAL MOTION and dismissed the COMPLAINT, ECF No. 1, without first receiving the written, reasoned consent of the Attorney General. ECF No. 60, at 3. That lack of consent, in Day's view, introduced a clear error into the Court's reasoning and rendered the ORDER, ECF No. 57, erroneous. Although Day does not directly ask for it,[7] the natural consequence of the MOTION is to reopen the case after reconsideration of the decision to grant the DISMISSAL MOTION. Day's argument, as the Court so understands it, fails because a holistic reading of the statutory text does

---

[6] From this, it can be inferred further that Day believes he suffered manifest injustice because the Court dismissed his COMPLAINT.

[7] The MOTION only formally asks that the Court require the Attorney General to provide her position on whether the case should be dismissed within 60 days of the enter of the order resolving the MOTION. ECF No. 60, at 3.

not support Day's position.

Day's position rests on a stringent, and strained, reading of the statutory text. Specifically, the statute states that:

> A [relator] may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. <u>The action may be dismissed only if</u> the court and <u>the Attorney General give written consent to the dismissal and their reasons for consenting.</u>

31 U.S.C. § 3730(b)(1) (emphasis added). This provision provides the mechanism for dismissing FCA <u>qui tam</u> actions <u>generally</u>—whether the United States intervenes as a party or not. And, it quite plainly states that the Attorney General must consent, after providing her reasoning, to the dismissal of the action. Therefore, Day reasons, the ORDER dismissing his COMPLAINT was erroneous because the Attorney General did not provide her reasoned consent to that dismissal. ECF No. 60, at 3.

In addition to this general provision, however, the statute also provides that:

> The <u>Government may dismiss the action</u> notwithstanding the objections of the person initiating the action <u>if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.</u>

31 U.S.C. § 3730(c)(2)(A) (emphasis added). This is the provision under which the United States sought dismissal and upon which the Court granted that dismissal. <u>Boeing</u>, 777 F. Supp. 3d at 586-87. Unlike the general provision of 31 U.S.C. § 3730(b)(1), Section

3730(c)(2)(A) proscribes the dismissal procedure in a specific circumstance: Where the United States has intervened as a party to a relator's _qui tam_ FCA action and seeks dismissal. And, as is obvious from the text, the statute rests the authority to seek that dismissal in the "Government." 31 U.S.C. § 3730(c)(2)(A). The Attorney General is never mentioned.

Notwithstanding the apparent tension between these two statutory provisions, Day insists that the Attorney General's reasoned consent is necessary to dismiss his COMPLAINT based on Section 3730(b)(1). However, it is a well-established principle of statutory interpretation that where there is "conflict between a general provision," such as Section 3730(b)(1), "and a specific provision," such as Section 3730(c)(2)(A), "the specific provision prevails." Antonin Scalia & Brian A. Garner, Reading Law: The Interpretation of Legal Texts 183 (1st ed. 2012); Lara-Aguilar v. Sessions, 889 F.3d 134, 142 (4th Cir. 2018) (citing Sigmon Coal Co. v. Apfel, 226 F.3d 291, 302 (4th Cir. 2000)). Such is the case here.

On its face, the procedures established by 31 U.S.C. § 3730(b)(1) are not limited to any particular context other than the general context wherein a relator brings a _qui tam_ action on behalf of the Untied States. In those scenarios, the statute provides for a specific role for the Attorney General. However, Section 3730(c)(2)(A) provides for specialized dismissal

14

procedures once the United States intervenes in that qui tam
action. In that specific scenario, the statute excises the more
general requirement that the Attorney General provide her reasoned
consent to the dismissal, and, instead, permits the dismissal to
occur so long as the Government seeks dismissal and notifies the
relator of that dismissal and the Court provides the relator with
a hearing on the issue. 31 U.S.C. § 3730(c)(2)(A). That specific
procedure in Section 3730(c)(2)(a) modifies the general rule in
Section 3730(b)(1) and controls where, as in Day's case, the United
States has intervened in the relator's qui tam action and seeks
voluntary dismissal of the action. Therefore, there was no clear
error made by granting the DISMISSAL MOTION without the explicit,
reasoned consent of the Attorney General to dismiss Day's
COMPLAINT.

The MOTION argues that, if "the term 'Attorney General' was
interchangeable with the 'Government,' Congress would not have
specified 'Attorney General' in § 3730(b)(1)." ECF No. 62, at 2.
However, that expressio unius argument fails here because, as
explained above, Section 3730(b)(1) and Section 3730(c)(2)(A)
provide distinct dismissal procedures for distinct procedural
postures. It is true that the "Government" and the "Attorney
General" are not interchangeable as the Attorney General is a
unique entity of the federal government rather than the
"Government" as a whole. However, that distinction bears no

15

relevance in the decision today because the Court is reviewing the
dismissal of the COMPLAINT pursuant to the procedures set forth in
Section 3730(c)(2)(A) rather than Section 3730(b)(1). Congress
does, indeed, know how to write statutes. And, in writing this
one, Congress chose to permit the "Government" alone, without the
explicit involvement of the Attorney General, to seek dismissal of
a relator's qui tam complaint under Section 3730(c)(2)(A) so long
as it first provides the relator with notice and the reviewing
court holds a hearing on the topic. Contrary to Day's position,
then, if the Court were to read into Section 3730(c)(2)(A) an
additional requirement that the Attorney General must provide her
reasoned consent before dismissing an FCA qui tam action at this
procedural posture, it would be contravening Congress's intent and
contradicting the clear text of the statute.

    The caselaw that Day cites in support of his position fails
to persuade as well. In United States ex rel. L. v. Spurlock, the
court stated that it "will travel on the shaky assumption that a
written consent by the United States Attorney for the district in
which a qui tam action is pending, qualifies as the required
consent of the 'Attorney General.'" United States ex rel. L. v.
Spurlock, 582 F. Supp. 2d 1350, 1355 (N.D. Ala. 2008). Day rests
most of his argument on this single sentence of this case. However,
Spurlock addressed an entirely different procedural context than
the context under which Day's case operates.

16

In <u>Spurlock</u>, the United States chose <u>not</u> to intervene in the action. In its notice informing the court of that decision, the United States "pointed out that pursuant to 31 U.S.C. § 3730(b)(1) 'the action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.'" <u>Id.</u> at 1353 (quoting 31 U.S.C. § 3730(b)(1)). Shortly thereafter, the relator moved to voluntarily dismiss the case himself pursuant to 31 U.S.C. § 3730(b)(1) and Fed. R. Civ. P. 41(a)(1)(i). <u>Id.</u> Later, the United States gave its reasoned, written consent to that dismissal, but did not provide any accompanying certification by the Attorney General in doing so. <u>Id.</u> at 1353-54. Hence, the court's "shaky assumption." <u>Id.</u> at 1355.

In today's case, the United States chose to intervene in the case, as is its right. 31 U.S.C. § 3730(b)(4)(A). Then, the United States, rather than Day, sought the voluntary dismissal of the COMPLAINT. ECF No. 9. And, it did so pursuant to the specific procedure set forth for such dismissals in 31 U.S.C. § 3730(c)(2)(A) rather than the more general dismissal procedure set forth in 31 U.S.C. § 3730(b)(1). Thus, the Court need not make any "shaky assumption," <u>Spurlock</u>, 582 F. Supp. 2d at 1355, in its conclusion that the DISMISSAL MOTION, which was filed by an AUSA without any accompanying certification of approval by the Attorney General, is sufficient to dismiss the action. The United States followed the proper procedure set forth in Section 3730(c)(2)(A)

to voluntarily dismiss this action over the objections of Day.[8]

The decision that the Attorney General need not provide her reasoned consent for dismissals under 31 U.S.C. § 3730(c)(2)(A) also aligns with the statute's lenient dismissal standard. As established by the Supreme Court of the United States, the standard for dismissal under this provision is quite lenient. Polansky, 599 U.S. at 437 ("[T]he Government's views [for dismissal] are entitled to substantial deference.") (emphasis added). And, in the Fourth Circuit, that standard is even more lenient at the present stage of the litigation—where the DISMISSAL MOTION was filed before an Answer was filed by the Defendants. Untied States ex rel. Doe v. Credit Suisse AG, 117 F.4th 115, 161 (4th Cir. 2024) ("[T]he government is entitled to even greater deference [than substantial deference].") (emphasis added).

In establishing the standards for dismissal under 31 U.S.C. § 3730(c)(2)(A), the Supreme Court and the Fourth Circuit both describe the significant deference owed to the Government. They do

---

[8] Day also relies on United States ex rel. Michaels v. Agape Senior Cmty. Inc., 848 F.3d 330 (4th Cir. 2017), for the position that the Attorney General must provide her reasoned consent before dismissing a qui tam action. ECF No. 62, at 1-2. However, just like Spurlock, Michaels dealt with the procedural posture of dismissal under 31 U.S.C. § 3730(b)(1) rather than Section 3730(c)(2)(A). Indeed, in Michaels, the United States chose not to intervene (and so, could not move to dismiss), Michaels, 848 F.3d at 333, and the Fourth Circuit never mentioned Section 3730(c)(2)(A) at all in the opinion. Therefore, Michaels, just like Spurlock, does not stand for the proposition that Day suggests and is inapposite.

not mention any role played by the Attorney General in that process. In neither Polansky nor Doe did the Attorney General provide her written, reasoned consent to the dismissal sought by the United States. Although the question was not presented to those courts, the Court finds it persuasive that both the Fourth Circuit and Supreme Court granted the dismissals in those cases, pursuant to Section 3730(c)(2)(A), without any written reasoned consent by the Attorney General. To require such consent today would undermine the decisions in Polansky and Doe and would, in effect, operate as an end-run around the lenient standard of review imposed by those decisions. The Court will not travel with Day down that path.[9]

### IV. CONCLUSION

For the foregoing reasons, Day's MOTION, ECF No. 59, will be DENIED.

It is so ORDERED.

/s/   REP

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 21, 2025

---

[9] The Court need not address whether the Attorney General properly delegated her authority to consent to the dismissal of FCA qui tam actions, including this one, to her subordinates because that question is only relevant to the dismissal of such actions under Section 3730(b)(1), which is not relevant here when dismissal was sought and granted under Section 3730(c)(2)(A).

19